UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOMAR DAVELL ROBINSON,

        Petitioner,         Case No. 19-cv-11420
                                            HON. AVERN COHN

v.

TONY TRIERWEILER,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO STAY WITH CONDITIONS**
**(ECF No. 7)**
**AND**
**ADMINISTRATIVELY CLOSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jomar Davell Robinson, a state prisoner proceeding pro se, was convicted by a jury of first-degree murder, armed robbery, conspiracy to commit armed robbery, and possession of a firearm during the commission of a felony. Petitioner raises the following habeas claims: (1) Petitioner's statement to police should have been suppressed because he asked for an attorney after receiving Miranda warnings, (2) the trial court erred in failing to try Petitioner separately from his co-defendants, (3) the trial court erred in instructing the jury, and (4) insufficient evidence was presented at trial to sustain Petitioner's convictions.

Before the Court is Petitioner's motion to stay and hold the petition in so that he can return to state court to exhaust two additional claims: (1) Petitioner's counsel was ineffective for failing to communicate or recommend that Petitioner accept a plea deal, and (2) Petitioner's counsel failed to object to the jury instructions and verdict form. Respondent has not opposed the motion.   For the reasons that follow, the motion will be granted.

1

II.

Petitioner raised the claims in his current petition on direct appeal. The Michigan Court of Appeal denied relief. *People v. Robinson*, No. 329209 (Mich. Ct. App. February 9, 2017). The Michigan Supreme Court denied leave to appeal. *People v. Robinson*, No. 155471 (Mich. Sup. Ct. September 12, 2017). Petitioner signed and dated his habeas petition on December 1, 2018, a little less than two weeks before the statute of limitations was set to expire.

III.

A.

A federal habeas petitioner must first exhaust all available remedies in state court. 28 U.S.C. § 2254(b). A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See Rhines v. Weber, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). Rhines held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. at 278.

B.

Here, a stay rather than a dismissal is appropriate. A dismissal may create difficulties for Petitioner with respect to the statute of limitations because, as noted above, Petitioner signed and dated his habeas petition with a little less than two weeks remaining on the statute of limitations. See 28 U.S.C. § 244(d)(1)(A). Further, Petitioner has also established good cause for not previously raising this claim in the state courts as he claims his appellate counsel was ineffective for failing to raise his new claims on direct appeal. Finally, it does not appear that the

2

unexhausted claim is plainly meritless or that Petitioner is engaged in intentionally dilatory tactics.

IV.

For the reasons stated above, Petitioner's motion to stay is **GRANTED**. Petitioner must exhaust his new claim in state court by filing a motion for relief from judgment in the Macomb Circuit Court within 60 days of the date of this order, and then if it is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court.   Further, he must ask this Court to lift the stay within 60 days of exhausting his state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition.

To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

s/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated:   11/26/2019
         Detroit, Michigan